**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Alberto RAMIREZ–ROBLES,**
**aka Jesus Alberto Ramirez–Robles,**
**Defendant–Appellant.**

No. 07–10402.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 13, 2008.

Patrick Thomas Barry, Anthony E. Maingot, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Mark F. Willimann, The Law Office of Mark F. Willimann, Tucson, AZ, for Defendant–Appellant.

Jesus Alberto Ramirez–Robles, Tucson, AZ, pro se.

Before: FARRIS, BEA, and SILER,* Circuit Judges.

MEMORANDUM **

I

Ramirez–Robles argues that the government violated his due process rights by

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failing to preserve video footage that he claims would exculpate him. Reviewing the district court's determination de novo, *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir.1993), we reject the argument.

For the destruction of evidence to constitute a constitutional violation, the "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The failure to preserve "potentially useful evidence" does not violate due process "unless a criminal defendant can show bad faith on the part of the police." *Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

█ Ramirez–Robles's claim fails. The video, if preserved would not have been exculpatory. Reentry after deportation is not a crime if "the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a)(2). Valid consent requires submission of INS form I–212 and a handling fee to the United States consulate in the alien's country of origin, and receipt of written approval of the request. *See* 8 C.F.R. § 212.2.

As the district court properly found, the evidence was destroyed in the normal course of business before Ramirez–Robles was even arrested. There was no evidence that the government acted in bad faith. *See Youngblood*, 488 U.S. at 58, 109 S.Ct. 333.

II

█ Ramirez–Robles argues that there was no evidence that he was at any time free from "official restraint." We reject the argument. In *United States v. Castellanos–Garcia*, 270 F.3d 773, 775–76 (9th Cir.2001), the court affirmed an illegal entry conviction where "[t]here was not a scintilla of evidence to support" the alien's theory that he had been under surveillance from the moment of his reentry. *See also United States v. Parga–Rosas*, 238 F.3d 1209, 1211 (9th Cir.2001). Here, over a month and a half passed between the day Ramirez–Robles entered the country and the day he was arrested by the Nogales police, and there is no evidence of surveillance during this period. There was sufficient evidence to convict Ramirez–Robles. *See Castellanos–Garcia*, 270 F.3d at 776. Ramirez–Robles contends that the government was required to have the arresting officer testify that he found Mr. Ramirez free from official restraint. In light of the other record evidence, such specific testimony was not required.

**AFFIRMED.**